IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KIMBERLY G. FOX | ) |
| | ) |
| v. | ) No. 2:18-0091 |
| | ) |
| ANDREW M. SAUL | ) |
|     Commissioner of | ) |
|     Social Security[1] | ) |

**To:** **The Honorable Waverly D. Crenshaw, Chief District Judge**

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (*see* Docket Entry ("DE") 16), to which Defendant has filed a response. *See* DE 21. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. *See* DE 5.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (DE 16) be **DENIED**.

---

[1] Andrew M. Saul has been appointed Commissioner of the Social Security Administration. He is therefore automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I. INTRODUCTION

Plaintiff filed an application for DIB on December 30, 2015 in which she asserted that she was unable to work due to spondylosis, bulging disks, sciatic nerve damage, osteoarthritis in the hips and knees, fibromyalgia, diabetes, hemiplegic migraines, chronic ovarian cysts, depression, and anxiety. *See* Transcript of the Administrative Record (DE 12) at 88, 111.[2] She alleged a disability onset date of November 15, 2012. AR 88.

Plaintiff's applications were denied initially and upon reconsideration AR 88, 106. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ George L. Evans on August 17, 2017. AR 36. On October 31, 2017, the ALJ denied the claim. AR 12-14. On August 20, 2018, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed and this Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since November 15, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; osteoarthritis; myalgias/fibromyalgia; obesity; diabetes mellitus;

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

migraine headaches; ovarian cysts; depression; and anxiety (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can perform no climbing or crawling, but she can occasionally bend or stoop. She can perform no pushing of foot controls. In addition, the claimant can perform unskilled work and can perform jobs requiring no more than one to three step instructions. She can perform jobs that do not require dealing with the public and only occasional interaction with co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 6, 1972 and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2012 through the date of this decision (20 CFR 404.1520(g)).

AR 17-30.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. § 404.1520(a)(4). At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. § 404.1520(a)(4).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. § 404.1520(a)(4)(iv). "Past relevant work" is defined as "substantial gainful activity" that a claimant has done within the past 15 years and that lasted long enough for the claimant to learn to do it. *Id*. § 404.1560(b)(1). If the claimant is unable to perform past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. *Id*. § 404.1520(a)(v). In evaluating a claimant's RFC, the ALJ must consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court is required to accept the ALJ's explicit findings and ultimate determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform sedentary work with express limitations to account for her severe impairments, and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 17-30.

### C. Plaintiff's Assertions of Error

Plaintiff's alleges that the ALJ erred by (1) failing to properly evaluate her complaints of disabling pain, (2) failing to find that her bilateral knee osteoarthritis represents a severe impairment, and (3) improperly rejecting the opinion of a treating physician. DE 17 at 19-25. Plaintiff therefore requests that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 25.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court addresses Plaintiff's assertions of error below.

**1. The ALJ's evaluation of Plaintiff's pain.**

Plaintiff argues that the ALJ erred by improperly evaluating her allegations of disabling pain. This argument implicates the standard set forth by the Sixth Circuit in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986), which requires the ALJ to assess whether the claimant has satisfied two requirements: first, the claimant must produce objective evidence of an underlying condition; second, the claimant must either present (1) "objective medical evidence to confirm the severity of the alleged pain arising from that condition," or (2) "the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." *Id.* at 853. The *Duncan* test represents "a more succinct form" of the requirements contained in 20 C.F.R. § 404.1529, which delineates the Commissioner's duties when evaluating whether a claimant suffers from disabling symptoms. *Felisky*, 35 F.3d at 1038.

Social Security Ruling ("SSR") 16-3p also bears on the ALJ's analysis of a claimant's allegations of disabling pain, and requires the ALJ to consider a claimant's statements regarding the "intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). Under SSR 96-7p, SSR 16-3p's predecessor, the ALJ was required to make a "credibility" determination based on the claimant's statements about the limiting effects of her alleged symptoms. 1996 WL 374186, at *3 (July 2, 1996). There is no indication that SSR 16-3p abrogated the extensive case law pertaining to credibility evaluations under SSR 96-7p. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119, n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"). The Court will therefore refer to the ALJ's evaluation of Plaintiff's allegations of disabling pain as the "credibility finding."

The ALJ determined that Plaintiff's allegations of disabling pain were "not entirely credible" based in part on her range of reported daily activities, which included caring for her disabled husband, preparing meals, washing dishes, managing her finances, crocheting, and driving. AR 26-27. Plaintiff argues that the ALJ mischaracterized such activities, as she has instead reported in the function reports she completed as part of her application how difficult it is for her to perform such activities. AR 213-20, 249-56. She also testified during the administrative hearing that a health care worker comes to her house to assist with her husband's care, that she struggles to cook, that her ability to crochet has greatly diminished, and that her driving is actually quite limited. AR 40-43, 57.

However, much of the ALJ's recitation of Plaintiff's daily activities came directly from her own reports regarding the extent of her physical functioning provided during a consultative examination with Dr. Angella Kocian on March 2, 2016:

> [Plaintiff] states that she manages her finances with little or no difficulty. She states that she can prepare elaborate meals. She states that she can wash dishes and do laundry. She states that she has a driver's license and drives regularly. She states that she has some hobbies she enjoys. [Plaintiff] states that her hobbies are reading, jewelry making, crocheting.

AR 564. The ALJ's consideration of the Plaintiff's description of her daily activities during this encounter was entirely appropriate. *See* 20 C.F.R. § 404.1529(c)(3)(i). Plaintiff does not dispute the accuracy of Dr. Kocian's report, which is significant given that the report undermines the credibility of the allegations she proffered during the hearing and in her application regarding the limiting effects of her symptoms. *See id.* § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence.").

Moreover, Plaintiff ignores the fact that the ALJ's credibility finding was based on additional factors, including the lack of evidence in the medical records to support Plaintiff's claim that she suffers debilitating headaches three to four times per week, which were discussed in the opinion. AR 22, 26. The ALJ also considered Plaintiff's claim that she quit her most recent job due to her alleged physical disability (AR 26, 44-45), despite previously reporting to a treating physician that she resigned from this position "to assume full-time care of her ill husband." AR 409. While the Court is certainly sympathetic to Plaintiff's predicament, leaving a job for reasons unrelated to any impairment undermines her claim that she cannot work due to disability, *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004), and inconsistency between a claimant's complaints and other evidence in the record further supports

9

an adverse credibility finding. *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011).

The Sixth Circuit has opined that credibility findings are effectively "unchallengeable" in light of the extreme deference owed to the ALJ's findings. *Payne v. Comm'r of Soc. Sec.,* 402 F. App'x. 109, 113 (6th Cir. 2010). Indeed, the ALJ's determination must be affirmed so long as it is "reasonable and supported by substantial evidence." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016). For the foregoing reasons, the Court finds that the ALJ's conclusion regarding Plaintiff's subjective allegations is both reasonable and supported by substantial evidence. Plaintiff's assertion of error is therefore rejected.

**2. The ALJ's step two findings.**

Plaintiff next contends that the ALJ erred at step two of his five-step evaluation by failing to conclude that osteoarthritis of the knees represents a severe impairment. DE 17 at 21. In an extremely brief argument, Plaintiff cites Dr. James McKinney's assessment of "[b]ilateral patellofemoral [osteoarthritis], moderately severe in nature" (AR 284), as well as Dr. Terrence Leveck's notation during a consultative examination that "[d]eep tendon reflexes are absent at the knees and ankles." AR 569.

Plaintiff's argument has no merit. First, the ALJ did in fact conclude that "osteoarthritis" represents a severe impairment. AR 17. The ALJ's opinion clearly references Plaintiff's diagnosis of "osteoarthritis of the hips *and knees*" before discussing her ongoing knee pain. AR 19, 21. The ALJ also discussed records documenting ongoing knee treatment with Drs. David Jones and William Shell, as well as x-rays demonstrating osteoarthritis of the right knee. AR 20. The ALJ further cited the exact knee findings from Dr. Leveck's examination cited in Plaintiff's brief. AR 24.

Additionally, even if the ALJ had not discussed Plaintiff's knee condition in such detail, the ALJ determined that Plaintiff suffered from other impairments that were severe in nature. AR 17. This is significant because once an ALJ determines that at least one of a claimant's alleged impairments is severe, the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4), and both severe and non-severe impairments are considered by the ALJ in the remaining steps of the disability evaluation process. 20 C.F.R. §§ 404.1523, 404.1545(a)(2). Therefore, an ALJ does not commit reversible error when he fails to find that some impairments are not severe but determines that other impairments are severe and proceeds to the next step of the evaluation process. *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (citing *Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987)). Plaintiff's assertion of error must therefore be rejected.

### 3. The treating physician's opinion.

Plaintiff's final assertion of error involves the ALJ's analysis of the opinion provided by Dr. Stephen Flatt, a treating physician who completed a medical source statement ("MSS") pertaining to Plaintiff's physical condition on June 26, 2017. AR 679-82.[3] The MSS posits multiple functional restrictions stemming from Plaintiff's physical impairment, including the inability to, during an eight-hour workday, lift and/or carry more than 20 pounds occasionally, stand and/or walk for two hours, or sit for more than four hours. AR 679. Dr. Flatt additionally concludes that Plaintiff would need to alternate between sitting/standing and take breaks every two hours. AR 680. The ALJ rejected each of the opinions set forth in this MSS. AR 28.

---

[3] Dr. Flatt completed a separate form opinion pertaining to Plaintiff's mental condition on January 18, 2016 (AR 394-95), but Plaintiff does not challenge the ALJ's analysis of this opinion.

Because Dr. Flatt represents a treating physician, the doctrine known as the "treating physician rule" applies to the Court's analysis. Pursuant to this rule, the ALJ must give controlling weight to the opinion of a treating physician if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).[4] If the opinion is not given controlling weight, the ALJ must determine the amount of weight to accord it based on multiple factors that include, among other things, the extent of the treatment relationship, whether the physician is a specialist, and the degree to which the opinion is consistent with the record as a whole. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013). The ALJ must provide "good reasons" for the weight allocation that are "sufficiently specific to make clear to any subsequent reviewers." *Johnson-Hunt v. Comm'r of Soc. Sec.*, 500 F. App'x 411, 418 (6th Cir. 2012) (quoting *Helm v. Comm'r of Soc. Sec.,* 405 F. App'x 997, 1000 (6th Cir. 2011)).

> The ALJ provided the following reasons for rejecting Dr. Flatt's opinion:
>
> The undersigned finds that his opinions are too restrictive and are apparently based on the claimant's subjective complaints as they are not supported by his own narrative findings in his treatment records and are not consistent with the other evidence of record. Furthermore, the undersigned finds that his opinions are not supported by the claimant's reported activities of daily living, as described above.

AR 28. Plaintiff contends that such reasoning is "patently erroneous and must be reversed." DE 17 at 25. The Court disagrees.

It bears emphasizing that it is Plaintiff's burden to do more than merely identify evidence in the record that supports her position; she must demonstrate that the ALJ's rejection of the

---

[4] The treating physician rule applies to all social security claims filed before March 27, 2017, such as the instant one. *See* 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017).

MSS is not supported by substantial evidence. *Long v. Berryhill*, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *8 (E.D. Tenn. Mar. 5, 2018) (citing *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014)). In her brief, Plaintiff notes that Dr. Flatt provided treatment for several years and ordered objective tests to confirm the existence of multiple physical conditions. DE 17 at 25. While these factors are certainly germane to an ALJ's analysis, *see* 20 C.F.R. 404.1527(c)(2), they are not the only relevant considerations. The ALJ in this case docked Dr. Flatt's opinion for being too reliant on Plaintiff's subjective reports of her symptoms, a determination that the Sixth Circuit has deemed appropriate. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (an opinion that simply repeats a claimant's allegations is not well-supported and does not merit controlling weight); *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (6th Cir. 2017) ("We have previously found reasoning that a medical opinion relied too heavily on the claimant's subjective complaints as adequate to support an ALJ's decision to give little weight to the opinion."). Plaintiff notably fails to challenge this finding in her brief.

Additionally, the ALJ discussed at length the records documenting Plaintiff's treatment with Dr. Flatt before concluding that the accompanying clinical findings did not support the severity of his proposed restrictions. AR 18, 20-22, 25, 28. For example, the ALJ noted that although imaging studies revealed evidence of lumbar stenosis, Plaintiff demonstrated a full range of motion and a negative straight leg raising test during her treatment with Dr. Flatt. AR 20, 398-99, 410. Other records from Dr. Flatt's treatment indicate that Plaintiff showed an absence of back pain with no ambulation problems during the relevant time period, as well as control of her back pain with the use of medication. AR 404, 406-07. Even when Plaintiff experienced an episode of increased knee pain in January of 2015, she continued to demonstrate

a full range of motion. AR 404. Such relatively mild physical findings were replicated during Dr. Leveck's consultative examination (AR 569-70), which tends to further support the ALJ's rejection of Dr. Flatt's opinion. *See Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 584 (6th Cir. 2010) ("Because the record adequately supports the finding that [the treating physician's] medical opinion was not supported by her own treatment notes and was inconsistent with the record as a whole, the ALJ was warranted in discrediting her opinion.").

Finally, the Court notes that Dr. Flatt's MSS fails to offer any support for the severe restrictions he ascribes to Plaintiff, which is a crucial feature of any medical opinion that is weighed favorably. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion ... the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). The MSS form specifically prompted Dr. Flatt to identify the "medical/clinical findings" that support his conclusions four different times, three of which went entirely ignored. AR 681-82. In response to the remaining prompt, Dr. Flatt merely wrote "see records" (AR 680), which, as discussed *supra*, does not provide sufficient support for his proposed limitations. The MSS therefore represents little more than a "checkbox worksheet" opinion that fails to "provide a logical bridge between objective treatment records and the reported limitations" contained therein, *Jackson v. Comm'r of Soc. Sec.*, No. 1:16-cv-236, 2016 WL 7009784, at *5 (W.D. Mich. Dec. 1, 2016), which the Sixth Circuit has deemed insufficient to warrant remand based on violation of the treating physician rule. *See Hernandez*, 644 F. App'x at 474-75 ("Even if the ALJ erred in failing to give good reasons for not abiding by the treating physician rule, it was harmless error because the MSS here is weak evidence at best and meets our patently deficient standard.") (internal citation and quotations omitted).

Although Plaintiff has indeed been diagnosed with multiple physical conditions, she fails to demonstrate that the ALJ's rejection of Dr. Flatt's opinion lacks the support of substantial evidence. Plaintiff's assertion of error must therefore be rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion for judgment on the administrative record (DE 16) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge